**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHRISTOPHER LOCKHART, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:12-CV-4838-M (BH) |
| ) | |
| WILLIAM STEPHENS,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied with prejudice.

**I. BACKGROUND**

Christopher Lockhart (Petitioner), currently on parole from the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

**A.    Factual and Procedural History**

On March 22, 2007, the Stated indicted Petitioner for possession of between one and four grams of methamphetamine in a drug-free zone on or about February 8, 2006, in Navarro County, Texas. (Clerk's Record "C.R.":2-3.) The State sought and received permission to amend the indictment and subsequently charged Petitioner on November 13, 2007, with possession with intent to deliver, on or about February 7, 2007, of between four and 200 grams of methamphetamine in a drug-free zone. (C.R.:5-6, 13.) On January 28, 2008, in Cause No. 31198-CR, in the 13th Judicial

---

[1] On June 1, 2013, William Stephens succeeded Rick Thaler as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens "is automatically substituted as a party."

District Court of Navarro County, Texas, Petitioner pled guilty as charged in the amended indictment and was sentenced to twenty years' imprisonment. (C.R.:49-53, 56.)

On direct appeal, Petitioner challenged the denial of his motion to suppress the seized evidence, alleging that the search warrant was invalid because the affidavit supporting the search warrant was not attached to a copy of the search warrant given to him. His conviction and sentence were affirmed on direct appeal. *Lockhart v. State*, No. 10-08-00076-CR, 2010 WL 138910, slip op. at *1 (Tex. App.–Waco, Jan. 13, 2010, *pet. ref'd*). His petition for discretionary review (PDR) was denied on September 14, 2011.

In his first state habeas application, Petitioner asserted in relevant part that his appellate counsel had not advised him of his right to file a *pro se* PDR. The Texas Court of Criminal Appeals granted relief on that issue, provided him time to file an out-of-time PDR, and dismissed his remaining claims. *See Ex parte Lockhart*, No. AP-76522, 2011 WL 1233228 (Tex. Crim. App. Mar. 30, 2011). In his second state habeas application, Petitioner alleged that his trial and appellate counsel were ineffective and that the trial court erred in denying his motion to suppress. (Second State Habeas Transcript "2nd S.H.Tr.":14-21.) On March 21, 2012, the Court of Criminal Appeals denied relief without written order on the findings of the trial court. (2nd S.H.Tr.:cover.)

Petitioner mailed his initial petition for federal habeas relief on November 27, 2012. (Pet. at 10.) After seeking and obtaining permission to amend his petition, he mailed an amended federal petition and a supporting memorandum on December 28, 2012. (*See* Amend. Pet. at 10.) Respondent filed a response on January 29, 2013, and provided the state court records. Petitioner filed his reply on April 17, 2013.

**B.     Substantive Issues**

Petitioner raises the following claims for relief:

–his appellate counsel was ineffective for failing to properly argue on direct appeal that the trial court erred in failing to suppress evidence obtained from an illegal search (ground one);

–his appointed trial counsel was ineffective and he was constructively denied counsel when counsel did not communicate with him and because counsel failed to convey the State's plea offer to him (ground two);

–his retained trial counsel was ineffective for failing to convey the State's plea offer, for failing to adequately confer with him, for filing a motion to suppress, and for his representation during the motion to suppress hearing (ground three);

–his plea was involuntary due to ineffective assistance of counsel (ground three); and

–the trial court erred in failing to suppress the search warrant (ground four).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law,

3

within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[2]

---

[2] Respondent asserts that Petitioner failed to exhaust his state court remedies with respect to certain evidence he has submitted here that he did not submit at the state habeas level. (Resp. at 5). "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State", courts may deny a habeas petition on the merits. 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that

4

### III. SEARCH AND SEIZURE

In his fourth ground for relief, Petitioner asserts that the trial court erred in failing to suppress evidence obtained through an allegedly invalid search warrant. (Amend. Pet. at 8.)

It is well-settled that a claim that evidence obtained pursuant to an unconstitutional search and seizure was admitted at trial cannot be a basis for federal habeas relief if the state provided an opportunity for a full and fair litigation of the Fourth Amendment claim. *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Stone v. Powell*, 428 U.S. 465, 482 (1976). A full and fair hearing contemplates that where there are factual disputes, the matter must be considered by the original fact-finding court, and there must be meaningful appellate review available even if unused. *See Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986). The Fifth Circuit has also stated that a Fourth Amendment claim has been fully and fairly litigated in state court where the material facts were adequately developed in state court and there is no undeveloped evidence sufficient to call into question the reliability of the state court's determination. *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994); *Streetman v. Lynaugh*, 812 F.2d 950, 958 (5th Cir. 1987).

Here, this issue was raised at the trial level, (Motion to Supp. R:4-29), on direct appeal, *Lockhart v. State*, slip op. at *1, and at the state habeas level, (2nd S.H.Tr.19-21). Petitioner has not alleged any undeveloped facts sufficient to call into question the reliability of the state court's determination. He relies on the record from trial and contends that the search warrant was invalid. This issue was fully and fairly litigated at the state level, and Petitioner's fourth ground is therefore barred from review here.

---

"when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"). In this case, the administration of justice would be better served by bypassing the procedural issue and reaching the merits of the claims based on the evidence submitted.

5

## IV. VOLUNTARINESS OF PLEA

Petitioner asserts that his guilty plea was involuntary due to "ineffective assistance of counsel, and a promise to appeal the case." (Amend. Pet. at 7B, Mem. at 10.)

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). The Fourteenth Amendment Due Process Clause therefore imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978), *citing Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Before the trial court accepts a guilty plea, the court must ensure that a defendant fully understands the plea and its consequences. *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *citing Boykin*, 395 U.S. at 244. In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A guilty plea is invalid if the defendant does not understand the nature of the constitutional right that

6

he is waiving or if he has an incomplete understanding of the charges such that his plea cannot be considered an admission of guilt. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995), *citing Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam).

While Petitioner raises several allegations of ineffective assistance of counsel well before his guilty plea that are addressed below, he does not specify how his guilty plea was rendered involuntary due to ineffective assistance of counsel and a promise to appeal the case. The state court record reflects that when he pled guilty as charged in the amended indictment, he signed *Written Plea Admonishments* stating that: 1) he was charged with possession with intent to deliver between four and 200 grams of methamphetamine in a drug-free zone; 2) he had the right to plead not guilty and have a jury determine his guilt or innocence and, if found guilty, assess his punishment; 3) he had the right to require the State to prove his guilt beyond a reasonable doubt and had the right to confront witnesses against him and have witnesses subpoenaed to testify on his behalf; 4) the range of punishment for the offense charged was 5-99 years or life, but the plea recommendation was 20 years; and 5) the plea recommendation was not binding on the court, but the court must inform him in open court if the plea bargain was not accepted. (C.R. 49-51.) Petitioner also signed a *Written Waiver of Defendant*, which states that: 1) he is able to read English and understands the plea admonishments; 2) he is aware of the consequences of his plea; 3) he is satisfied with the

7

representation by his attorney, which has been effective and competent; 4) he waives his right to a jury trial and his right not to incriminate himself; and 5) he accepts the State's plea recommendation. (C.R. 52-53.) In addition, Petitioner signed a *Stipulation of Evidence*, (C.R.:54-55), and a document stating that he retained the right to appeal matters raised by written motions and ruled on by the trial court, (C.R.:48). Finally, he testified in court that he had read and understood all of the documents he signed, that he understood that he was giving up his right to a jury trial, that he understood both the range of punishment and that the plea agreement was for 20 years, that he was pleading guilty freely and voluntarily and because he was guilty, and that he was satisfied with counsel's representation. After Petitioner pled true to violating his probation in two earlier cases, the trial judge revoked that probation and sentenced him to 20 years' imprisonment in this case, and four years and one year, respectively, in the earlier cases. (Probation Revocation R:5-13.)

Petitioner has not demonstrated that his plea was involuntary. The record reflects that he was aware of the charges against him and the consequences of his guilty plea, and he pled guilty voluntarily without threats, improper promises, deception, or misrepresentations about what he was pleading guilty to and the punishment he would receive. Furthermore, Petitioner retained the ability to appeal the denial of his motion to suppress, as explained in the documents he signed. He has not overcome the presumption of regularity and "great weight" accorded state court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records are entitled to a "presumption of regularity"). Petitioner's guilty plea was voluntary, the state habeas court's denial of this claim was not contrary to federal law, and this claim should be denied.

8

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his second and third grounds for relief, Petitioner asserts that both his appointed and his retained trial counsel were ineffective prior to his decision to plead guilty.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors. *Id.* at 695-96.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

The *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). Recently, in *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012), the Supreme Court held that defense counsel has the duty to communicate to his client formal favorable plea bargain offers. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer, that the plea would have been accepted by the trial court, and that it was a plea to a lesser charge or to a sentence of less prison time. *Id*. at 1409.

**A.     Appointed Counsel**

Petitioner contends that his appointed attorney was ineffective because he did not confer with him from the date that he was appointed until two months later, immediately before a hearing. Petitioner has included visitor logs from his prison that reflect that his appointed attorney did not visit him at the jail during the two-month period he represented him. (Amend. Pet. Ex. A.) Petitioner also asserts that he was unaware that counsel had been appointed for him until November 13, 2007, when a hearing was held regarding a State's motion to amend the indictment, and when retained counsel was substituted for appointed counsel. (Mem. at 7; Reply at 6.) Finally, he asserts that the appointed attorney never conveyed the state's plea bargain offer. (Mem. at 7.) He asserts that this constituted a constructive denial counsel for which prejudice should be presumed.

**1.     *Cronic* Standard**

In *United States v. Cronic*, 466 U.S. 648, 654 (1984), the Supreme Court recognized that a defendant might be constructively denied counsel even though an attorney had been appointed to represent him. Unless there is a constitutional error of such magnitude that "no amount of showing of want of prejudice would cure" the error, however, "there is generally no basis for finding a Sixth

10

Amendment violation" in the absence of a showing of "how specific errors of counsel undermined the reliability of the finding of guilt." *Id.* at 659 & n.26. The presumed prejudice standard of *Cronic* is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified, such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance". *See Cronic*, 466 U.S. at 658-662; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002). The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings – it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell v. Cone*, 535 U.S. at 697. Petitioner has the burden to show that he was constructively denied counsel. *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997).

Petitioner has not demonstrated that there was a complete denial of counsel at a critical stage of his proceedings, or that counsel failed to subject the prosecution's case to adversarial testing. The record reflects that Petitioner was appointed counsel in August of 2007, and that counsel represented him at every court hearing and with regard to every motion filed in the trial court. He therefore has not demonstrated that he was constructively denied counsel such that the *Cronic* standard should be used in assessing counsel's performance. His claims should therefore be analyzed under the *Strickland* standard.

### 2. *Strickland* **Standard**

Petitioner asserts that his appointed counsel was ineffective because he did not visit him in jail after he was appointed on August 21, 2007, because Petitioner was not aware that he had been

11

appointed until retained counsel was substituted in on November 13, 2007, and because he never conveyed a plea bargain offer. Petitioner asserts that he was prejudiced by the failure to convey the plea offer to him because the offer was based on the lesser offense in the first indictment, and that as a result, he pled guilty to a greater offense with a higher potential sentence as charged in the amended indictment. (Mem. at 7-8.)

At the state habeas level, appointed counsel submitted an affidavit stating that, "[t]o the best of my knowledge I was given a plea bargain by the District Attorney which I related to Mr. Lockhart who summarily refused it." It further states that during his representation of Petitioner between August 21, 2007 and November 13, 2007, the State filed two motions on November 9, 2013; there was no other activity by the State. (2nd S.H.Tr.:59.) Petitioner's retained counsel also submitted an affidavit at the state habeas level stating that Petitioner had received notice of the plea bargain offer from his appointed attorney before he was retained and that he "was informed as to the details of the plea bargain offer by the defendant when he first interviewed me as a possible replacement for his court appointed counsel." Retained counsel's affidavit also states that Petitioner had "expressed to me that he had rejected the state's offer on the second degree offense made to his court appointed counsel, was aware of the possibility of re-indictment and was unhappy with his court appointed representation." Finally, the affidavit states that Petitioner was "particularly interested in my opinion on the validity of the search warrant," and that retained counsel believed the warrant to be fatally defective. (2nd S.H.Tr.:61.) Based on these affidavits, the state habeas court found that appointed counsel communicated the plea offer to Petitioner and that Petitioner had failed to demonstrate that counsel was ineffective. These findings were adopted by the Court of Criminal Appeals. (2nd S.H.Tr.:cover.) The state court's findings of fact were not based on an unreasonable

12

determination of the facts in light of the evidence presented in the state court proceeding, and the decision denying this ground is not an unreasonable application of the *Strickland* standard.

In addition, accepting his claims that appointed counsel did not visit him in jail and that he did not know that he had been appointed counsel until two months after the appointment as true, Petitioner cannot establish prejudice because he cannot demonstrate that the results would have been different if he had met with counsel earlier. The record reflects that Petitioner was not interested in having appointed counsel represent him. He has submitted a letter from his retained counsel dated October 2, 2007, advising Petitioner of the status of his case. (Reply, Ex. H.) The letter speaks of requesting discovery, an intended motion to suppress, and a potential delay of Petitioner's case. *Id*. From the context of this letter, it is clear that this was not the first communication between retained counsel and Petitioner. He was in communication with retained counsel and was discussing trial strategies with him well before retained counsel was officially substituted for appointed counsel on November 13, 2007. Because Petitioner has not alleged how these strategies would have been different had he met with appointed counsel, who ultimately did not represent him, he has failed to establish ineffective assistance of counsel in this respect.

With regard to the plea offer, notwithstanding Petitioner's self-serving statements that he never knew of a previous plea offer by the State, the attorney affidavits relied on by the state habeas court reflect that appointed counsel communicated it to him and that he rejected it and retained counsel because he was interested in having the evidence obtained through the search warrant suppressed.[3] In addition, at the beginning of the hearing on the motion to suppress, the prosecutor stated on the record, "I would like the record to reflect that any previous offers related to this

---

[3] While Petitioner has submitted the visitor logs from the jail reflecting that appointed counsel did not personally visit him, this is not evidence that he did not receive the plea offer in some other way.

13

defendant in this case are now withdrawn." (MTS R.:3.) Petitioner made no statement on the record, either at this hearing or at any other point, denying that any offer had been made or communicated to him. Petitioner has not demonstrated that pursuant to *Missouri v, Frye*, appointed counsel was ineffective for failing to convey a plea bargain offer. Petitioner has failed to establish that his appointed attorney was ineffective.

**B.     Retained Counsel**

Petitioner also contends that his retained counsel was ineffective for failing to advise him of a plea offer, for failing to adequately confer with him, for filing a motion to suppress that made the prosecutor "angry with his attorney," and for failing to request specific findings of fact from the trial judge regarding the motion to suppress and thereby "conceding without opposing the trial court's decision." (Mem. at 9-10.)

In addition to stating that Petitioner was aware of the plea offer from the State, retained counsel's affidavit at the state habeas level also states that Petitioner was interested in pursuing the motion to suppress, that counsel informed him that he thought he had a strong case in support of the motion to suppress, that counsel exerted his best efforts at the motion to suppress hearing, that the motion was denied by the trial court, and that petitioner's right to appeal this decision was preserved. It also states that counsel met with Petitioner approximately eight times, had multiple conversations with his family, and visited his sister's home to discuss the case. (2nd S.H.Tr.:61-62.) The trial court concluded based on this affidavit that retained counsel was effective. (2nd S.H.Tr.:69.) The Court of Criminal Appeals denied relief based on the findings of the trial court. This denial is not an unreasonable application of federal law.

As discussed earlier, the record reflects that Petitioner was aware of the plea offer and

14

rejected it. With regard to his assertion that his attorney was ineffective for filing a motion to suppress, counsel's affidavit and his October 2nd letter reflect that this was a strategic decision made after consultation with Petitioner. If counsel has made an adequate investigation, any conscious and informed decision made based on trial tactics and strategy cannot be the basis for a claim of having received ineffective assistance of counsel unless the decision was so poorly chosen that it "permeates the entire trial with obvious unfairness." *United States v. Cotton*, 343 F.3d 746, 753(5th Cir. 2003), *quoting United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). Petitioner has not demonstrated that counsel's decision to file a motion to suppress the seized evidence, made with his agreement, was so ill-chosen that it rendered the process obviously unfair.

As for Petitioner's assertion that his attorney was ineffective for not requesting that the judge make specific findings of fact with regard to his decision to deny the motion to suppress, counsel adequately represented Petitioner during the hearing by cross-examining the officer who executed the warrant, by calling his own witnesses, by arguing his position at the hearing, and by filing a letter to the trial court after the hearing citing additional case law in support of suppressing the evidence. (MTS R.:10-31; C.R.:42.) Furthermore, Petitioner retained his right to file an appeal challenging the trial court's denial of the motion to suppress, which appellate counsel did. Petitioner has not demonstrated that he was prejudiced because specific written findings of fact with regard to the denial of the motion to suppress were not made by the trial court.

Finally, Petitioner has submitted the visitor's log for the jail reflecting that retained counsel visited him in the jail twice in November of 2007. (Amend. Pet. Ex. A.) He also submitted a letter from counsel discussing trial strategy dated October 2, 2007, and a letter to counsel from Petitioner's sister thanking him for previously discussing the case with her and asking additional questions,

15

dated February 6, 2008. (Reply Ex. H). These communications, in addition to counsel's representation of Petitioner at two separate pre-trial hearings and at the guilty plea hearing, reflect that he did confer adequately with Petitioner with regard to trial strategy. Furthermore, Petitioner has failed to demonstrate that had counsel met with him additional times, there is a reasonable probability that the outcome would have been different. Petitioner's trial counsel did not render ineffective assistance of counsel, and Petitioner's second and third grounds for relief should be denied.

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his first ground for relief, Petitioner asserts that his appellate counsel was ineffective for failing to argue on appeal that the search warrant was invalid because it was blank and therefore failed to meet the legal requirements. (Amend. Pet. at 6; Mem. at 5-6.)

The federal constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or

16

make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

On direct appeal, appellate counsel argued that the search warrant was invalid because a copy of the supporting affidavit was not attached to the copy of the warrant that was given to Petitioner. In its decision, the state appellate court noted that the warrant standing alone contained no specific information regarding the premises to be searched or the items to be seized. *Lockhart*, slip op. at *1. In overruling this claim, the appellate court held that a state statute requires an officer executing a search warrant to provide the owner or occupant of the premises a copy of the warrant and a copy of the inventory of the premises, but not the supporting affidavit. The court held that this statute was not violated, and that the separation of the affidavit from the search warrant did not compromise the validity of the entire warrant. *Id.*

Petitioner has failed to demonstrate that appellate counsel was ineffective. He appears to argue that he would have prevailed on appeal had appellate counsel emphasized that the search warrant was "blank." However, it is clear from the appellate court's opinion that the court was aware that the search warrant contained only boilerplate language with no specific information regarding Petitioner's home, and that it declined to invalidate the search under state law. This Court does not sit in judgment of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Furthermore, appellate counsel was not ineffective for failing to make a slightly

17

differently worded argument on appeal. *See United States v. Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). The state habeas court's denial of this claim is not contrary to federal law, and this ground should be denied.

## VII. EVIDENTIARY HEARING

Based on the filings in this case and the proceedings held in state court, as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VIII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 2nd day of December, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

18

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE